IN RE ESTATE OF WILLIAM D. LYLE.

ISABELLA LYALL SCOTT ET AL., APPELLANTS, v. JOSEPH J. O'ROURKE, ADMINISTRATOR, APPELLEE.

FILED MAY 17, 1913.    No. 17,208.

1. Witnesses: COMPETENCY. Witnesses who know the fact whether boys of a certain age were at a stated time admitted into the British army are competent to testify as to such fact, although they are not familiar with the law so as to be able to say whether such boys were legally admitted.

2. Evidence: OBJECTIONS: DEPOSITIONS. Objection may be made to the competency and materiality of evidence contained in a deposition without filing objection thereto in writing under section 390 of the code.

3. ———: EXCLUSION. Evidence stated in the opinion *held* to have been improperly excluded.

4. ———: ———. A document, reciting that it is an "extract entry of birth," and signed "Hugh Pearce, Registrar," but without any other authentication or explanation, was properly excluded.

5. ———: DECLARATIONS: QUESTION FOR COURT. The question of the competency of the declarations of a deceased ancestor as to family pedigree and history is for the court, and not for the jury, to determine.

6. Heirs: EVIDENCE: TRIAL: INSTRUCTIONS. Declarations as to pedigree and history must relate to family relatives of the decedent.

When, in determining the next of kin of a deceased person, the question is as to the identity of the decedent with one who is shown to be a member of the family of those claiming heirship, it is erroneous to instruct the jury that such identity must be established before such declarations as to the family relative can be considered.

7. ——: ——: ——: ——. In such case, it is misleading and erroneous to instruct the jury that the petitioners claiming heirship must prove by a preponderance of the evidence "that they are the next of kin, blood relatives, of the said William D. Lyle, deceased, and that they are the only next of kin and blood relatives living" of decedent, the only question being as to the identity of the decedent with the relative whose heirs they are.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*William E. Shuman* and *Cook & Gossett,* for appellants.

*Wilcox & Halligan* and *James G. Mothersead, contra.*

SEDGWICK, J.

William D. Lyle died in Lincoln county, in this state, in March, 1905. He left some property and no will, and an administrator was duly appointed. He left no heirs in this country, and these petitioners, who are residents of Scotland, filed their petition in the county court of Linclon county, asking that they be declared to be the next of kin and heirs of the decedent. The county court denied their petition, and they appealed to the district court. Upon trial in that court with a jury, there was a verdict and judgment against them, and they have appealed to this court.

1. The evidence shows that one Robert Lyall of Dundee, Scotland, was the father of three sons, James, William and David Lyall. These petitioners are the lineal descendants of William. David left a son, William D. Lyall. The petitioners attempt to identify this William D. Lyall as the deceased William D. Lyle, who died in Lincoln

52

county. The petitioners produced evidence tending to show that their relative, William D. Lyall, when a very young boy, 13 or 14 years of age, enlisted in the British army, and afterwards deserted and came to this country, and became a soldier in the Union army in the civil war. Three several witnesses, residents of Scotland, testified by deposition that boys of 13 years of age were allowed to enlist in the British army, but when the petitioners offered this part of the depositions in evidence it was excluded, and this ruling is now assigned as error.

The theory of the petitioners is that the fact that decedent deserted from the British army is an important matter in this case as furnishing a reason for his reticence as to the place of his birth and his relatives, and that this fact also explains statements by decedent as to his former home and relatives, which statements would seem to be inconsistent with some of the evidence produced by petitioners. The petitioners testified that their relative, William D. Lyall, did enlist in the British army, and deserted and left the country. The evidence offered would tend to corroborate them, and could not prejudice the administrator in any way. The objection to the evidence was that it was an attempt to prove the law of a foreign country by witnesses not shown to be familiar with that law. It does not seem to relate so much to the question of the legal right of boys to enlist as to the fact that they were allowed to do so. These witnesses testified to their knowledge of the fact that boys of that age were then received in the army for certain purposes.

2. Some time before the trial the administrator filed in the district court objections to these depositions, on the ground that they are "incompetent, immaterial, irrelevant, and not the best evidence, and no foundation laid." When the case was called for trial, the court did not determine this objection before the trial as required by section 391 of the code, and the petitioners now insist that the evidence could not be excluded for that reason. This evidence was excluded on the ground that it was incompetent

and irrelevant. Therefore section 390 of the code has no application.

3. The petitioners offered in evidence a photograph that was identified as that of William Lyall, who was the ancestor of these petitioners, and the nephew of David Lyall, whose son the petitioners were seeking to identify as the decedent. This photograph was excluded, and the petitioners urge this ruling as reversible error. The photograph bore the stamp, "J. Roger, South Tay St., Dundee." This same stamp was on a photograph found among the effects of the decedent after his death, and there was evidence tending to show that at the time William D. Lyall left Dundee, according to the theory of the petitioners, there was a photographer of that name doing business in the place named. We do not see how this evidence could have improperly prejudiced the administrator in any way, and, together with other circumstances in the case, might have been of some assistance in determining the issue presented to the jury. We think the evidence should have been received.

4. A document attached to the deposition of Helen Lyall Graham, called an "extract entry of birth," was properly rejected by the court as not sufficiently authenticated.

5. The court instructed the jury: "The jury are instructed that, before you can consider the declarations made by William Lyall, you must find by the testimony in this case, other than the declarations of William Lyall, that the said William Lyall was a relative of William D. Lyle, deceased, who died in Lincoln county about March, 1905." This instruction was erroneous. The evidence showed beyond any question that the petitioners were the children and grandchildren of William Lyall, whose declarations were referred to in this instruction, and that the said William Lyall was also the cousin of William D. Lyall, who was the relative of these petitioners, and who left Scotland as testified to by them. His declarations then related entirely to William D. Lyall, whom he had personally known as his cousin, and were competent to

show transactions and relations existing between the cousins. It was not necessary that the identity of the cousin, in regard to whom these declarations were made, with this decedent should be established before the declarations in regard to the conduct and habits of his cousin could be received in evidence. Whether these facts showed that the cousin became a soldier in our federal army, and afterwards located in Nebraska, and showed or indicated where he lived in Nebraska were all questions for the jury in determining whether or not this cousin was in fact the decedent, William D. Lyle. The question of the competency of such declarations is a question of law for the court, and should not be submitted to the jury.

6. The court instructed the jury: "The jury are instructed that the sole and only question for you to decide under the evidence in this case is, have the petitioners shown by the evidence that they are the only living blood relatives of William D. Lyle, deceased. * * * That William D. Lyle died in this county during the month of March, 1905, is undisputed. The jury are instructed that the burden of proof rests upon the petitioners to show by a preponderance of the testimony that they are the next of kin, blood relatives, of the said William D. Lyle, deceased, and that they are the only next of kin and blood relatives living of the said William D. Lyle, deceased." These instructions are complained of by the petitioners, and we think justly so. There was but one substantial question to be determined by the jury, and that was whether the William D. Lyall who was the relative of these petitioners, and who left Dundee, Scotland, many years ago, was the same person as the decedent, William D. Lyle. The petitioners established satisfactorily that their relative, William D. Lyall, left Scotland and came to this country about the time of the commencement of our civil war, and that they are his next of kin and would be entitled to inherit his property upon his decease. The evidence shows that the Lyall family of Dundee, Scotland, were not particular as to the spelling of their family name,

and there is evidence that it was sometimes spelled Lyall, sometimes Lyle and sometimes Lyel, and that, even in the churchyard, "you can see the name spelled there differently of the same race of Lyalls." It was sufficient if the plaintiffs had shown by a preponderance of the evidence that they were the only next of kin to the decedent; and to require them, in addition to that, to prove that they were his only blood relatives living was erroneous. The sole question for the jury was whether the decedent was in fact William D. Lyall, shown by the evidence to be the relative of the petitioners.

7. The administrator contends that under the evidence in this case no other verdict could be sustained than the verdict rendered. The evidence is without contradiction that these petitioners are next of kin to William D. Lyall, formerly of Dundee, Scotland; that he left no other heirs to inherit his property to the exclusion of the petitioners; that as a boy he joined the British army, and that he probably deserted and came to this country. It remained for the petitioners to prove his identity with this decedent. This seems to be the only question that the court should have submitted to the jury. If the decedent was in fact the William D. Lyall described in these depositions, the petitioners are his next of kin and entitled to inherit his property. The difference in the spelling of the name, and the statements of decedent as to the place of his birth, and as to his relatives, would, of course, be considered by the jury, but these facts should be considered in the light of the circumstances that the name was written in different ways by the Dundee family, and that the evidence tends to show that the decedent had a motive for concealing his identity, as well as other circumstances disclosed by the evidence. The photograph found among the personal effects of decedent was found by Mr. Christie to be the photograph of William D. Lyall of Dundee, with whom the witness had played in his boyhood and with whom he was very familiar. This witness also identified positively the two other persons shown in the photograph.

The photograph bore an imprint which showed that it was made in Dundee, Scotland, at the gallery where other photographs of the Lyall family were made, and the evidence shows that it must have been made many years ago. There are other circumstances in the case tending to show the identity of the decedent as the William D. Lyall of the photograph. The petitioners insist that the evidence of identity is so strong that we ought to dispose of the matter by directing a judgment in their favor. The trial court excluded important evidence, and we do not feel justified in disposing of the case upon the evidence before us.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

HAMER, J., not sitting.